IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Texas Guaranteed Student Loan Corporation,
P.O. Box 83100
Round Rock, Texas 78683-3100

      Plaintiff,

          v.                           Civil Case No._____

GSO Corporation,
1717 K Street, NW, Suite 600
Washington, DC 20036

      Defendant.

## COMPLAINT

Plaintiff, Texas Guaranteed Student Loan Corporation (TGSLC), by and through counsel, Rand L. Gelber, seeking relief against GSO Corporation, and alleging as follows:

## PARTIES

1. TGSLC is a private, non-profit Texas corporation and guaranty agency and, pursuant to 20 U.S.C. 1095a and 34 C.F.R. 682.410 (b)(9), has the authority to pursue this lawsuit.

2. The Defendant is a California corporation, with its principal place of business in the District of Columbia and may be served with process through its registered agent, Samsomai Perriera, located at 150 South First Street, Suite 151, San Jose, CA 95113. In addition, Defendant can also be served through its founder and CEO, Gozi Oburota, who works at 1717 K Street, NW, Suite 600, Washington, DC 20036 and resides at 9725 Summit Circle, Apartment 2D, Largo, MD 20774.

## JURISDICTION

## VENUE

4.   Because the Defendant is a corporation residing in the District of Columbia, venue for this action is proper in the District of Columbia, pursuant to 28 U.S.C. 1391(c).

## FACTUAL ALLEGATIONS

5.   Under Title IV, Part B, of the Higher Education Act of 1965 (HEA), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students post-secondary education. *See* 20 U.S.C. 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary (Secretary) pay part of the student s interest and costs, and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. 1078(a),(c). This program is presently known as the Federal Family Education Loan Program (FFELP).

6.   To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. 1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. 1078(c)(2). When a

guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. 1078(c)(2)(D).

    7.    To assist the Secretary and the guaranty agencies in collecting defaulted student loans, in 1991, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to ten percent (10%) of the disposable income of these borrowers. *See* 20 U.S.C. 1095a. This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. 1095a(a), (b); 34 C.F.R. 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. 1095(a)(6); 34 C.F.R. 682.410(b)(9)(i)(F)

    8.    TGSLC is a guaranty agency under the FFELP.

    9.    Ngozichukw U. Oburota, also known as Gozi Oburota, ("Borrower") owes a student loan debt to TGSLC that is in default with a balance due and owing by Oburota to TGSLC in the amount of $ 51,952.55 as of February 29, 2008.

    10.    On August 3, 2007, TGSLC served Borrower with the required thirty (30) day Notice of Intent to Initiate Withholding Proceedings. A true and correct copy of the Notice is attached as Exhibit A.

    11.    Because no hearing was requested under 20 U.S.C. 1095a(a)(5)(b), TGSLC issued by Certified Mail a Withholding Order on September 12, 2007. A true and correct copy of the Withholding Order is attached as Exhibit B.

12. No representative or officer of the Defendant contacted TGSLC regarding the Withholding Order, and Defendant did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore TGSLC sent Defendant subsequent notices on December 6, 2007 and January 10, 2008, requesting compliance with the Withholding Order. True and correct copies of the subsequent notices are attached as Exhibit C.

13. Defendant has, at all relevant times, refused to comply with the Withholding Order.

## VIOLATION OF 20 U.S.C. 1095a

14. Based on the foregoing, Defendant is in violation of 20 U.S.C. 1095a, which provides that guaranty agencies, such as TGSLC, may administratively garnish up to ten percent (10%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

15. Because Defendant has failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

16. The amount due to TGSLC is either ten percent (10%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

17. Pursuant to 20 U.S.C. 1095a(a)(6), TGSLC is entitled to its' attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

**INJUNCTION**

18.     Based on Defendant's continuing refusal to comply with the terms of the Withholding Order, TGSLC seeks a mandatory injunction requiring Defendant to withhold and remit ten percent (10%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates his/her employment with Defendant, whichever occurs earlier.

19.     TGSLC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past Violations.

WHEREFORE, TGSLC respectfully requests this Court grant ECMC:

1.     An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to TGSLC until Borrower's defaulted student loan debt is either paid in full or he/she no longer works for Defendant;

2.     Damages in the amount that Defendant should have withheld from Borrower's wages;

3.     Reasonable attorneys' fees and costs;

4.     Punitive damages;

5. Pre and post-judgment interest on this amount, as allowed by law; and,

6. Such other relief as the Court deems appropriate.


Dated: __July 10, 2008____                    /s/   Rand L. Gelber
                                              _____
                                              Rand L. Gelber, Esquire
                                              One Church Street, Suite 802
                                              Rockville, MD  20850
                                              301-251-0202
                                              301-251-0849  fax
                                              Counsel for Plaintiff

**TG** P.O. Box 83100 Round Rock, Texas 78683-3100 | (800) 222-6297 | (512) 219-7337 | www.tgslc.org

| | | |
|---|---|---|
| IN RE | § | |
| STUDENT LOAN DEBT OF | § | ISSUED August 03, 2007 |
| NGOZICHUKW U OBUROTA, DEBTOR | § | |

## NOTICE PRIOR TO ADMINISTRATIVE WAGE GARNISHMENT

You are given notice that the Texas Guaranteed Student Loan Corporation (TG), pursuant to federal law (Public Law 102-164; as amended by Public Law 109-171; 20 U.S.C. § 1095a et seq.), will order your employer to immediately withhold money from your pay (a process known as "Administrative Wage Garnishment") for payment of your defaulted student loan(s), unless you take the action set forth in this Notice.

**Debtor:** NGOZICHUKW U OBUROTA  
9725 SUMMIT CIR APT 2D  
LARGO, MD 20774-3736

**Employer:** GSO CORPORATION  
1717 K ST NW STE 600  
WASHINGTON, DC 20036-5346

**Account Number:** 000000000017487100

**Total Amount Currently Owed:** $54,238.96 *
* This amount includes principal, accrued interest and collection costs.

You must establish a written repayment agreement approved by TG and TG must receive your initial payment by 2:00 p.m. on or before September 07, 2007. Otherwise, TG will proceed to collect this debt through deductions from your pay. Unless you act by September 07, 2007, your employer will be ordered to deduct from your pay an amount equal to no more than fifteen percent (15%) of your disposable pay for each pay period, or the amount permitted by 15 U.S.C. 1673, (unless you give TG written consent to deduct a greater amount) to repay your student loan(s) held by TG. Disposable pay includes pay remaining after all deductions required by law have been withheld (such as social security and federal and state income taxes). Your employer will be ordered to deduct this amount no later than the first pay period which occurs after the date on which the Order of Withholding is issued to your employer, and will be ordered to deduct this amount each time you are paid, until your debt is paid in full.

**You have the following rights regarding this action:**

■ You have an opportunity to inspect and/or request copies of TG records relating to your debt. Basic information about your debt will be provided free of charge along with our response to your hearing request. All requests for documentation must be in writing. Telephone requests will not be honored. *Please note that a request for documents, by itself, will not prevent garnishment of your wages.*

■ You have the opportunity to avoid Administrative Wage Garnishment by immediately remitting the balance in full or by entering into a written repayment agreement with TG to establish a satisfactory schedule for the repayment of this debt. To obtain information on entering into a repayment agreement, call 1-800-222-6297.

■ You have the right to object to the proposed garnishment, and you have an opportunity for a hearing on your objection. You may raise as objections: *(1.)* the existence of the debt; *(2.)* the amount of the debt; or *(3.)* that making installment payments in amounts equal to 15% of your disposable pay, or having payments in that amount withheld from your disposable pay would constitute an extreme financial hardship.



PLAINTIFF'S EXHIBIT



- An employer may not discharge you, refuse to employ you, or take disciplinary action against you as a result of this proposed action or the existence of an Order for Withholding. If an employer takes any of these actions, you may sue that employer in a state or federal court for reinstatement, back pay, attorney's fees, and punitive damages.

- If you document that you have been involuntarily separated from employment, TG will not garnish your wages until you have been re-employed continuously for twelve (12) months. If you wish to claim this exemption from Administrative Wage Garnishment, you need to complete part 2 of the enclosed "Request for Hearing" form and send us written proof that you qualify for the exemption by August 23, 2007. Satisfactory written proof is the following: documents from the Texas Workforce Commission (or a similar agency in another state) indicating your entitlement to unemployment compensation, and a statement from your present employer indicating the date you began work at your present job. If you are not covered under a State's unemployment program (even if involuntarily separated from employment), you must provide a statement to that effect from the state unemployment agency. Failure to provide written proof may result in your claim of exemption being rejected as unsubstantiated.

### How to request a hearing:

- Complete the enclosed form and return it to TG by August 23, 2007. Mail your Hearing Request to: TG, P.O. Box 83100, Attention Compliance Administrative Operations, Round Rock, TX 78683-3100. Please write "Administrative Wage Garnishment Appeal Enclosed" on the envelope. Unless you specifically request an in-person or telephone hearing, the hearing will be a review of your written statement on the enclosed "Request for Hearing" form and all relevant documents. We will advise you when, where, and how your hearing will be held.

- TG must receive your written request for a hearing by August 23, 2007 in order to prevent a Withholding Order from being issued to your employer. If you miss this deadline, you will still receive a hearing, but the hearing will not take place prior to the issuance of a Withholding Order to your employer. You must make your request for a hearing *in writing*. Telephone requests will not be honored.

### Your hearing may take place in one of three ways:

- In *writing*. An independent hearing officer will review your written statement and any supporting documentation and decide whether or not your debt is subject to Administrative Wage Garnishment, and the amount of that withholding;

- By *telephone*. A conference call will be set up between you, TG and the hearing officer; or

- In *person*. If you request a hearing in person, it will be heard at: TG, 301 Sundance Pkwy, Round Rock, TX 78681, and you must pay your own expenses to appear at this hearing.

This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.

**TG**™  
P.O. Box 83100  Round Rock, Texas 78683-3100 | (800) 222-6297 | (512) 219-7337 | www.tgslc.org

| | |
|---|---|
| IN RE | § |
| STUDENT LOAN DEBT OF | § |
| NGOZICHUKW U OBUROTA, DEBTOR | § |

**EMPLOYER:**
**GSO CORPORATION**
**1717 K ST NW STE 600**
**WASHINGTON, DC 20036-5346**

## ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to authority granted the Texas Guaranteed Student Loan Corporation (TG) by federal law (Public Law 102-164; as amended by Public law 109-171; 20 U.S.C. §1095a et seq.), **YOU**, the employer of the debtor named below, **ARE HEREBY ORDERED AND DIRECTED** to withhold income from the debtor's disposable pay from this employment for payment of defaulted student loan(s), as follows:

**Debtor:** NGOZICHUKW U OBUROTA  
**Address:** 1717 K ST NW STE 600  
WASHINGTON, DC 20036-5346

**Case Number:** 000000000017487100  
**SSN#:** 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  
**Total Amount Currently Due:** $54,614.19

**Amount to Withhold:**
Employer **SHALL DEDUCT AND PAY TO TG** from the debtor's wages fifteen percent (15%) of the debtor's disposable pay for each pay period, or the amount permitted by 15 U.S.C. 1673, unless the debtor provides TG with written consent to deduct a greater amount.  **This amount SHALL be deducted** until the amount set forth above as the "Total Amount Currently Due", plus all further accrued interest, is fully paid.

**Time for Withholding:**
Employer is **DIRECTED to begin withholding** from the debtor's disposable pay beginning with **the first pay period** that occurs after the issuance of this Withholding Order.

**Method of Payment:**
Employer is **DIRECTED TO PAY all amounts withheld** on each regular pay day, no less frequently than once each month, to:

TG
P.O. Box 659601
San Antonio, TX 78265-9601

All payments **MUST identify** the debtor and the debtor's case number or social security number.

Section 488A of the Higher Education Act provides that an employer who fails to comply with a garnishment order issued under this law will be liable for any amounts that are not so withheld following its receipt, in addition to costs of suit as a result of legal action authorized under the law.

**THIS ORDER OF WITHHOLDING IS ISSUED ON September 12, 2007.**
TG Collections
Email:  collections@tgslc.org



PLAINTIFF'S EXHIBIT B

**TG**™

P.O. Box 83100 Round Rock, Texas 78683-3100 | (800) 252-9743 | (512) 219-5700 | www.tgslc.org

12/06/2007

GSO CORPORATION
ATTN: PAYROLL/GARNISHMENTS
1717 K ST NW STE 600
WASHINGTON DC 20036-5346

RE:   NGOZICHUKW U OBUROTA, DEBTOR
      ACCT # 17487100

Dear Employer:

The Texas Guaranteed Student Loan Corporation (TG) has now issued two copies of an ORDER OF WITHHOLDING FROM EARNINGS for NGOZICHUKW U OBUROTA, debtor, (SSN: 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) requiring you, as the debtor's employer, to garnish a percentage of the debtor's wages for payment of defaulted student loan(s).

Our records indicate that TG has not received the wage garnishment payments the Order of Withholding requires you to submit.

If you have not sent your payment because the debtor is no longer employed by your company, please provide the following information and return this letter, within 10 business days, to TG, Attn: Administrative Wage Garnishment Team, P.O. Box 83100, Round Rock, TX 78683-3100:

Date of Termination: _____
Last Known Address: _____    _____
                                                Authorized Representative

Debtor's Subsequent Employer and Address/phone: _____
                                                 Representative phone #

_____    _____
                          Signature

Please understand that under federal law, TG may sue an employer who fails to comply with a Withholding Order, seeking the amount required to be garnished <u>and</u> attorney's fees, costs, and punitive damages. Recent federal regulations, in fact, require filing suit against non-complying employers.

Please avoid the annoyance and cost of litigation by voluntarily complying with the Order of Withholding from Earnings previously sent to you within 30 days of the date of this letter.

If you have any questions regarding the wage garnishment process or you are having problems getting this garnishment implemented, please contact the Administrative Wage Garnishment Team at 1-800-222-6297, ext. 4125.

Sincerely,

*Kaye Worrell*

Kaye Worrell
Administrative Wage Garnishment Team Lead

CERTIFIED MAIL # 7001 1940 0003 5399 4784



**TG**™

P.O. Box 83100 Round Rock, Texas 78683-3100 | (800) 252-9743 | (512) 219-5700 | www.tgslc.org

01/10/2008

GSO CORPORATION
Attn: Payroll/Garnishments
1717 K ST NW STE 600
WASHINGTON DC 20036-5346

RE:    NGOZICHUKW U. OBUROTA, DEBTOR
       ACCT# 17487100

Dear Employer:

THIS LETTER WILL SERVE AS A FINAL NOTICE that Texas Guaranteed Student Loan Corporation (TG) has not received the wage garnishment payments the ORDER OF WITHHOLDING FROM EARNINGS for NGOZICHUKW U. OBUROTA, debtor, (SSN: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) requires you, the employer, to submit.

Please understand that under federal law, TG may sue an employer who fails to comply with a Withholding Order, seeking the amount required to be garnished and attorney's fees, costs, and punitive damages. Recent federal regulations, in fact, require filing suit against non-complying employers.

Please avoid the annoyance and cost of litigation by voluntarily complying with the Order of Withholding from Earnings previously sent to you within 15 days of the date of this letter; otherwise, legal action will result.

If you have any questions regarding the wage garnishment process or you are having problems getting this garnishment implemented, please contact the Administrative Wage Garnishment Team at 1-800-222-6297, ext. 4125.

Sincerely,

*Kaye Worrell*

Kaye Worrell
Administrative Wage Garnishment Team Lead

CERTIFIED MAIL # 7007 1490 0001 0330 4652

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Texas Guaranteed Student Loan Corporation

### DEFENDANTS
GSO Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Rand L. Gelber
1 Church Street, Suite 802
Rockville, MD 20850
301-251-0202

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**● E. General Civil (Other)       OR       ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1078- Enforcement of Administrative Wage Garnishment under Federal Family Education Loan Program

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 51,952.55   Check YES only if demanded in compl  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 7/10/2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.